**AEG CONCERTS, LLC, d/b/a Concerts West, LLC, a Delaware limited liability company, Plaintiff–counter–defendant–Appellee,**

v.

**Tina HULETT; Don Hulett; Patrick Lang; Wild Farm Store, Inc., Defendants–counter–plaintiffs–Appellants,**

William R. McKenzie, as Trustee of the Hulett Family Trust; John Meglen; Paul Gongaware; Concerts West, Ltd., a Nevada corporation; Concerts West Entertainment, Inc., a California corporation, Counter–defendants–Appellees.

AEG Concerts, LLC, d/b/a Concerts West, LLC, a Delaware limited liability company, Plaintiff,

v.

Tina Hulett, Defendant-counter-plaintiff,

and

Don Hulett, Defendant–counter–plaintiff–Appellant,

William R. McKenzie, as Trustee of the Hulett Family Trust, Counter–defendant–Appellee.

Nos. 04–57048, 05–55214.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Jan. 9, 2007.

Kathy A. Jorrie, Esq., Luce, Forward, Hamilton & Scripps LLP, Los Angeles, CA, for Plaintiff-counter-defendant-Appellee/Counter-defendant-Appellee.

Mark T. Quigley, Esq., Greene, Broillet, Panish & Wheeler LLP, Santa Monica, CA, for Defendant–counter–plaintiff–Appellant.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

MEMORANDUM *

This suit involves the use and ownership of the service mark "Concerts West." Appellants are the beneficiaries of the Hulett Family Trust. They argue that the "Concerts West" mark was part of the trust assets and passed into their control upon the dissolution of the trust. Appellee AEG Concerts, LLC ("AEG") also asserts ownership of the mark.

In 2002, AEG brought suit against Appellants for cybersquatting and sought declaratory relief regarding ownership of the "Concerts West" mark. Appellants responded with a suit of their own against AEG and others, stating claims of service mark infringement and fraud. Additionally, they brought a breach of fiduciary duty claim against William McKenzie, the trustee of the Hulett Family Trust, arguing that he failed to protect their interest in the mark and conspired with the other defendants to deprive them of their inter-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

est. Appellees brought a motion for summary judgment, which District Judge Feess granted. Appellants brought this appeal. We have jurisdiction based on 28 U.S.C. § 1291, and we affirm.

■■■ Appellants have failed to establish a material issue of fact regarding their rights to or ownership of the mark. Appellants have not presented evidence that the mark was ever a trust asset. Because they do not own the mark, they do not have standing to bring a claim of infringement. *See* Cal. Bus. & Prof.Code § 14320; *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Appellants' breach of fiduciary duty claim and related conspiracy claim are barred by the three-year statute of limitations. *See* Cal. Prob.Code § 16460(a)(2). Appellants brought suit more than six years after termination of the trust. Finally, Appellants' claim of fraud and conspiracy to defraud fails for lack of damage. *See* Cal. Civ.Code § 1709; *Bldg. Permit Consultants, Inc. v. Mazur,* 122 Cal.App.4th 1400, 19 Cal.Rptr.3d 562, 573 (2004) (explaining that, in California, fraud is not actionable unless there is damage resulting from reliance on the misrepresentation). Because Appellants do not own the mark, any concealment or use of the mark did not cause them any damage. For the foregoing reasons, the district court's grant of summary judgment is affirmed.

Appellant Don Hulett also appeals the district court's attorneys' fees award. The district court carefully considered and explained its calculation of fees, taking into account the multiple parties and lawsuits involved. We find that the district court did not abuse its discretion in the calculation of fees. *See Vess v. Ciba–Geigy Corp.,* 317 F.3d 1097, 1102 (9th Cir.2003) (explaining that attorneys' fees awarded pursuant to state law are reviewed for abuse of discretion).

AFFIRMED.